## 40574. PROPST v. McCURRY.

WELTNER, Justice.

McCurry applied to the Probate Court of Fulton County for a license to carry a pistol. At that time, the probate court required all applicants to sign a waiver authorizing any hospital, alcohol or drug treatment center to inform the court whether the applicant had been an inpatient at its facility in the past five years. In addition, the waiver authorized the superintendent of any such facility to recommend to the court whether or not the license should be granted. McCurry refused to sign the waiver, and the probate court denied his application. McCurry appealed, and the superior court denied the motion for summary judgment filed by Judge Propst. The issue here is whether the probate court was authorized to require the waiver.

OCGA § 16-11-129 (Code Ann. § 26-2904) grants to probate courts the discretion to grant or deny applications for licenses to carry handguns. OCGA § 16-11-129(b) (4) (Code Ann. § 26-2904) provides that no license shall be granted to any individual who has been hospitalized as an inpatient in a mental hospital or alcohol or drug treatment center within five years prior to the date of application of the license.

In March 1983, the General Assembly expressly empowered the probate courts to require waivers "authorizing any mental hospital or treatment center to inform the judge whether or not the applicant has been an inpatient in any such facility in the last five years and authorizing the superintendent of such facility to make to the judge a

recommendation regarding whether a license to carry a pistol or revolver should be issued." Ga. L. 1983, pp. 1431, 1433.

Although this provision was not in effect at the time of McCurry's application, we find that the authority of the probate court to require such waivers existed as an inseparable concomitant to the responsibility imposed by OCGA § 16-11-129(b) (4) (Code Ann. § 26-2904), which required that probate courts make their decisions based upon "the circumstances surrounding the hospitalization and the recommendation of the superintendent of the hospital or treatment center where the individual was a patient. . . ." Obviously, that cannot be done in ignorance of facts which, being privileged, can only be known efficiently through the taking of waivers such as that required — wisely, we think — by Judge Propst. The denial of McCurry's application by the probate court was authorized by law.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 25, 1984.

*David E. Betts, Donald B. Deloach,* for appellant.
Robert Edward McCurry, *pro se.*